The petitioner, a citizen of Massachusetts, asks for a license as a peddler upon the same terms and conditions as it is granted to citizens of this state; and the question is, whether he is entitled to it. According to the provisions of Gen. Laws, c. 119, s. 3, the clerk of the court is authorized to grant a license upon satisfactory evidence of good moral character. In 1883 the legislature amended this provision of the General Laws by restricting the granting of such license to the county in which the applicant holds his residence (Laws of 1883, c. 65, s. 3); and the question is, whether this provision of the statute prohibits the granting of this petition. The state power of taxation cannot discriminate against the citizens of other states. The equality of privileges and immunities guaranteed by the federal constitution (art. 4, s. 2) to the citizens of each state, exempts them from any higher taxes than the state imposes upon her own citizens. The petitioner, being entitled to all the privileges and immunities belonging to the citizens of the several states, is entitled, within this state, to all the rights and privileges of our own citizens, and he may sell, or offer or expose for sale, here, anything which the citizens of this state can sell, offer, or expose for sale, upon the same terms and conditions, and subject to the same duties and liabilities, as the permanent residents of this state. Ward v. Maryland, 12 Wall. 418, 430; Slaughter-house Cases, 16 Wall. 36, 76, 100; McCready v. Virginia,94 U.S. 391.
It is to be presumed that s. 3, c. 65, Laws of 1883, was not intended to conflict with this federal right of equality. Opinion of Justices,41 N.H. 554, 556. The provision that a peddler's license shall be granted only for that county in which the applicant holds his residence cannot be so applied as to discriminate against citizens of other states. And as it imposes no disability upon them, the only effect that could be given it would be to discriminate against citizens of this state by requiring them to pay for a license in the county of their residence in order to do business in another county. As the legislature probably did not intend thus to discriminate against citizens of this state, the question may arise whether this provision of the statute has any effect. However that may be, it imposes no disability in this case.
Petition granted.
All concurred. *Page 136